ELECTRONIC CITATION: 2009 FED App. 0009P (6th Cir.)
File Name: 09b0009p.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

In re: BENJAMIN RITCHIE, )
)
Debtor. )
)
_____ )
)
STEPHEN PALMER, )
)
Plaintiff-Appellee, )
)
v. ) No. 09-8011
)
WASHINGTON MUTUAL BANK, )
)
Defendant-Appellant. )
)

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Case No. 08-50315; Adversary No. 08-05067

Argued: August 19, 2009

Decided and Filed: September 24, 2009

Before: FULTON, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ARGUED:** Nathan L. Swehla, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellant. John D. Kermode, ATKINSON, SIMMS & KERMODE, Lexington, Kentucky, for Appellee. **ON BRIEF:** Nathan L. Swehla, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellant. John D. Kermode, ATKINSON, SIMMS & KERMODE, Lexington, Kentucky, for Appellee.

## OPINION

THOMAS H. FULTON, Chief Bankruptcy Appellate Panel Judge. Washington Mutual Bank f/k/a Washington Mutual Bank, F.A., successor by merger to Washington Mutual Home Loans f/k/a North American Mortgage Company ("WaMu") appeals an order of the bankruptcy court granting the motion for summary judgment of Stephen Palmer, chapter 7 trustee ("Trustee"), and avoiding WaMu's lien on the debtor's manufactured home.

### I. ISSUES ON APPEAL

The issues raised by this appeal are whether the doctrine of *lis pendens* applies to personal property for which a certificate of title is required under Kentucky law, and whether the bankruptcy court was precluded by a prior state court judgment from avoiding WaMu's interest in the debtor's manufactured home.

### II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). An order granting summary judgment is final. *Buckeye Ret. Co., LLC, Ltd. v. Swegan (In re Swegan)*, 383 B.R. 646, 649 (B.A.P. 6th Cir. 2008).

The bankruptcy court's grant of summary judgment is reviewed *de novo*. *Schultz v. U.S.*, 529 F.3d 343, 349 (6th Cir. 2008). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *General Elec. Credit Equities, Inc. v. Brice Rd. Devs., LLC (In re Brice Rd. Devs., LLC)*, 392 B.R. 274, 278 (B.A.P. 6th Cir. 2008).

## III. FACTS

On October 22, 2001, Benjamin Ritchie ("Debtor") executed a promissory note and mortgage in consideration for a $47,000 loan from WaMu. The mortgage encumbered both real estate located at 1790 Mount Mariah Road, Carlisle, Kentucky, 40311, and a manufactured home to be situated on the real property. The mortgage was duly and properly filed in the Nicholas County Clerk's Office on October 31, 2001.

The Debtor used the proceeds of the loan to purchase a manufactured home which was subsequently rendered a total loss as a result of heavy fire damage. As the named loss payee on the insurance policy for the home, WaMu received and released the insurance proceeds to the Debtor to purchase a replacement manufactured home. WaMu failed, however, to record its lien on the certificate of title to the replacement manufactured home.

On January 20, 2006, WaMu initiated a foreclosure action on the property in the Nicholas County Kentucky Circuit Court. The Debtor appeared in the foreclosure case, through his attorney, and filed an answer to the foreclosure complaint. WaMu then amended its complaint to add the Debtor's wife, Nina Ritchie ("Ritchie"), as a defendant, and to include its claim that it held a security interest in the manufactured home located on the real property. The amended complaint asserted that while the parties intended the mortgage to secure a valid, first lien on the manufactured home, the Debtor and Ritchie failed to surrender the title to the home preventing WaMu from noting its lien on the title. WaMu sought a judgment from the state court that it had a valid lien on the home, as well as an order that the home be deemed a fixture on the property and sold as part thereof in satisfaction of its lien. On October 2, 2006, WaMu filed a notice of *lis pendens* in the Nicholas County Kentucky land records. The notice specifically referenced the manufactured home.

In November, 2006, WaMu filed a motion for summary judgment as to the Debtor, who had answered the complaint, and a motion for default judgment as to Ritchie, who had not answered the complaint. At a hearing on the motions, counsel for the Debtor raised the issue of whether WaMu held a valid lien on the home in the absence of a notation on the title. The motion for summary judgment was denied and Ritchie was permitted time to answer the complaint. The Debtor and Ritchie then filed an answer denying that WaMu held a valid lien on the home.

In February, 2007, WaMu again filed a motion for summary judgment which was denied by the state court based on the challenge as to the creation and perfection of the lien on the home. The court permitted WaMu to again amend its complaint to assert additional facts in support of its position that it held a valid lien. Because no answer was filed to this amended complaint, WaMu moved for a default judgment. Counsel for the Debtor appeared at a hearing on the motion for default, and that motion was denied. Still no answer was filed and WaMu again moved for a default judgment. Despite an appearance and opposition by counsel for the Debtor once again, on January 22, 2008, the state court granted the motion for default judgment and entered a judgment and order of sale. The state court found, in pertinent part, that:

> [T]he parties intended that [WaMu] was to be given a security interest in the original manufactured home on the real estate . . . and that its interest was not perfected due to the non-feasance of [the Debtor] and/or Defendant Kentucky Escrow Corp. Subsequently, the . . . manufactured home was destroyed by a fire and the manufactured home was replaced with proceeds from the Hazard Insurance Policy that listed [WaMu] as a covered beneficiary. As a result, **the Court finds that under the Equitable Lien Doctrine, [WaMu's] interest transferred from [the original home] to the current manufactured home on the real estate** . . . by virtue of the fact that the insurance proceeds . . . were to be used to purchase the [new] manufactured home.
>
> The Court further finds that the manufactured home is permanently affixed to the land **but not in conformance with KRS 186A.297.**
>
> The Court hereby directs [the Debtor] to surrender the title . . . .
>
> The Court further finds that [WaMu] is entitled to have the manufactured home on the subject real estate sold together with the real estate . . . .
>
> . . . .
>
> The Court further finds that said promissory note is further secured by the [manufactured home] . . . .

(J.A. at 1034-36.) (emphasis added.)

On February 14, 2008, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code.[1] The Trustee then filed an adversary complaint pursuant to 11 U.S.C. §§ 544, 547, 550, and 551 in which he asserted that WaMu failed to perfect its lien on the Debtor's manufactured home prior to the Debtor filing his petition for relief, and therefore, any interest WaMu may have in the

---

[1] The Debtor's wife, Nina Ritchie, did not join in the petition.

-4-

home is avoidable by the Trustee. Furthermore, the Trustee asserted that any interest WaMu may have obtained by virtue of the state court judgment was avoidable as a preferential transfer.

WaMu asserted in response that its notice of *lis pendens* filed in the land records placed the Trustee on constructive notice of its interest in the manufactured home thereby precluding the Trustee from obtaining a subsequent superior interest and avoiding WaMu's interest. WaMu further argued that res judicata and the *Rooker-Feldman* doctrine prevented the bankruptcy court from effectively overturning its interest in the home which had been recognized by the state court's judgment and sale order. Finally, WaMu argued that there was no preferential transfer.

In December, 2008, the Trustee and WaMu filed cross motions for summary judgment. The bankruptcy court held a hearing on the motions on January 23, 2009, at which it ordered each party to file proposed findings of fact and conclusions of law. On February 17, 2009, the bankruptcy court issued an order adopting the proposed findings of fact and conclusions of law submitted by the Trustee, granting the Trustee's motion for summary judgment, and denying the summary judgment motion of WaMu. The Trustee's conclusions of law adopted by the bankruptcy court were, in pertinent part, that a lien on the Debtor's manufactured home, which is personal property, can only be perfected by a notation on the certificate of title; WaMu's lien was not noted on the certificate of title; the lien is unperfected; the filing of a notice of *lis pendens* did not perfect the lien; the doctrine of *lis pendens* does not apply to personal property and because WaMu "did not perfect its interest in the manufactured home prior to the debtor filing for bankruptcy protection, the trustee as a hypothetical judgment lien creditor obtains priority and the lien is avoidable. 11 U.S.C. § 544." (J.A. at 1112.) Further, the conclusions of law adopted by the court were that the Trustee's complaint was not barred by either res judicata or the *Rooker-Feldman* doctrine because none of the bankruptcy court's holdings conflicts with the state court judgment; and, finally, that "[e]ven if [WaMu] is correct that res judicata or the Rooker-Feldman doctrine apply and require this Court to hold that the Circuit Court Judgment perfected the defendant's lien, which is disputed, the lien was perfected during the preference period and is avoidable pursuant to 11 U.S.C. § 547." (J.A. at 1113.)

WaMu's timely appeal followed.

## IV. DISCUSSION

Pursuant to 11 U.S.C. § 544(a)(1), a bankruptcy trustee holds the status of a hypothetical judgment lien creditor who is deemed to have perfected his interest as of the date of the filing of the bankruptcy petition. *See* 11 U.S.C. § 544(a)(1); *Rogan v. Bank One, Nat'l Ass'n (In re Cook)*, 457 F.3d 561, 564 (6th Cir. 2006). Whether the Trustee's interest as a hypothetical judgment lien holder is superior to WaMu's interest in the Debtor's manufactured home is governed by Kentucky law. *In re Cook*, 457 F.3d at 566.

Under Kentucky law, a manufactured home is personal property unless and until one complies with Kentucky Revised Statute § 186A.297 which provides the means to convert a manufactured home to an improvement to the real estate upon which it is located.[2] *PHH Mortgage Servs. v. Higgason*, 345 B.R. 584, 586 (E.D. Ky. 2006). It is undisputed that the Debtor did not comply with Kentucky Revised Statute § 186A.297. Therefore, the manufactured home at issue remains personal property. Kentucky Revised Statute § 186A.070 requires that a state resident of a manufactured home obtain a certificate of title, and that the sole means of perfecting a lien on a manufactured home which remains personal property is by placing a notation of the lien on that certificate of title. K.R.S. § 186A.190(1), (2); *see also PHH Mortgage Servs.*, 345 B.R. at 587; *Hiers v. Bank One*, 946 S.W.2d 196, 198 (Ky. App. 1996).

It is undisputed that WaMu's lien was not noted on the Debtor's certificate of title when the Debtor filed his petition for relief. In fact, WaMu does not argue that its lien was perfected in accordance with Kentucky law. WaMu asserts, however, that pursuant to the holdings in *Kendrick v. CIT Small Bus. Lending Corp. (In re Gruseck & Son, Inc.)*, 385 B.R. 799 (B.A.P. 6th Cir. 2008) (unpub.) No. 06-8091, 2008 WL 1756243, *appeal dismissed* 558 F.3d 482 (6th Cir. 2009), and *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651 (B.A.P. 6th Cir. 2001), its notice of *lis pendens* filed in the land records put the Trustee on constructive notice of its interest in the home. WaMu further argues that because the *lis pendens* was filed prior to the filing of the Debtor's petition for relief and thus prior to the Trustee's resulting position as a bona fide purchaser

---

[2] In order to convert a manufactured home to an improvement to real estate upon which it sits, the owner must execute an affidavit attesting that the home has been or will be permanently affixed to the real estate and must surrender the certificate of title to the home to the lien holder. K.R.S. § 186A.297.

or judgment lien holder, the Trustee cannot obtain an interest superior to that of WaMu even though WaMu's lien was not perfected.

In *Gruseck*, the trustee sought to avoid a mortgage on the debtor's real property pursuant to the Trustee's status as a bona fide purchaser under 11 U.S.C. § 544(a)(3). The trustee asserted that, because the notary acknowledgment was defective, the mortgage was not properly recorded and did not provide constructive notice to a bona fide purchaser. The creditor had, however, filed a notice of *lis pendens* prior to the debtor's bankruptcy filing. The *Gruseck* Panel held that while the defective mortgage did not provide constructive notice, the notice of *lis pendens* did, and that notice precluded the trustee from avoiding the defective mortgage. *Gruseck*, 385 B.R. 799 at *7. The Panel then concluded that the creditor's interest in the debtor's property was superior to that of the trustee with the status of a bona fide purchaser under § 544(a)(3). *Id.*; *see also Periandri*, 266 B.R. at 654 (applying Ohio law and holding that *lis pendens* filing precluded trustee from avoiding defective mortgage under § 544(a)(3)).

WaMu's reliance upon *Gruseck* and *Periandri* here is misplaced and fails to support its position for two reasons. First, the doctrine of *lis pendens*, as applied in *Gruseck* and *Periandri*, does not apply to personal property for which Kentucky law requires a certificate of title. Kentucky's *lis pendens* statute applies to *real* property. K.R.S. § 382.440.[3] In fact, Kentucky defines *lis pendens* as "'[a] notice, recorded in the chain of title to *real property*, . . . to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome.'" *U.S. Bank, NA v. Hasty*, 232 S.W.3d 536, 541 n.6 (Ky. App. 2007) (quoting *Greene v. McFarland*, 43 S.W.3d 258, 260 (Ky. 2001)) (emphasis added).

---

[3] K.R.S. § 382.440 provides, in pertinent part:

No action, . . . commenced or filed in any court of this state, in which the title to, or the possession or use of, or any lien, tax, assessment or charge on *real* property, or any interest therein, is in any manner affected or involved, . . . shall in any manner affect the right, title or interest of any subsequent purchaser . . . of such real property, or interest for value and without notice thereof, except from the time there is filed, in the office of the county clerk of the county in which such *real* property or the greater part thereof lies, a memorandum stating . . . . (emphasis supplied.)

WaMu attempts to avoid this conclusion by citing to two Kentucky Supreme Court cases in which the court found that despite the enactment of the *lis pendens* statute in 1896, the common law doctrine of *lis pendens* still applied to personal property. *See P.A. Stark Piano Co. v. Fannin*, 279 S.W. 1080 (Ky. 1926) (applying doctrine of *lis pendens* to sale of piano); *New Holland Mach. Co. v. Bell*, 357 S.W.2d 868 (Ky. 1962) (filing of complaint regarding chattel mortgages created *lis pendens* over property subject to dispute). These cases cited by WaMu are inapposite, however, as they were decided applying the applicable law prior to Kentucky's adoption of the Uniform Commercial Code ("UCC") which now governs priorities between conflicting security interests. *See Williams v. Fulmer*, 695 S.W. 2d 411, 413 (Ky. 1985) (Kentucky adopted the UCC in 1960); *Cessna Fin. Corp. v. Skyways Enters., Inc.*, 580 S.W. 2d 491, 494 (Ky. 1979) ("Kentucky has adopted the Uniform Commercial Code and its provisions govern priorities between conflicting security interests.") The UCC, as adopted by Kentucky, does not provide for the filing of a notice of *lis pendens* on personal property. Moreover, the Kentucky statute governing *lis pendens*, K.R.S. § 382.440, does not create a lien or affect the priority of security interests. *Strong v. First Nationwide Mtg. Corp.*, 959 S.W. 2d 785 (Ky. App. 1998) (notice of *lis pendens* filed before creditors' judgment liens did not give ex-wife's subsequent judgment lien priority over husband's lien creditors); *accord Redondo Constr. Corp. v. United States*, 157 F.3d 1060, 1065 (6th Cir. 1998) ("Ky. Rev. Stat. Ann. § 382.440 is not intended to establish priority among creditors, but to give notice to subsequent purchasers of a cloud on title and to warn creditors of the need to seek other sources of security for their debt.").[4]

The second reason that WaMu's reliance upon *Gruseck* and *Periandri* fails is that the trustees in those cases were seeking to avoid the creditors' interests in *real property* based on their power under 11 U.S.C. § 544(a)(3) as *bona fide purchasers*, while here the Trustee sought to avoid any interest of WaMu in *personal property* pursuant to his power as a *hypothetical judgment lien creditor* under § 544(a)(1). On February 14, 2008, when the Debtor filed his bankruptcy petition, the Trustee became a judgment lien creditor. 11 U.S.C. § 544(a)(1); *In re Lynum*, 246 B.R. 537, 539 (Bankr. E.D. Ky. 2000) (citing *Matter of Quality Holstein Leasing*, 752 F.2d 1009 (5th Cir. 1985)).

---

[4] At oral argument, WaMu's counsel conceded that he could not cite this Panel to any Kentucky cases which applied *lis pendens* to personal property for which a certificate of title is required.

Under Kentucky law, an unperfected security interest, which WaMu does not dispute is what it holds, is subordinate to the rights of a subsequent lien creditor, and that is one of several statuses conferred on a bankruptcy trustee. K.R.S. § 355.9-317; *In re Lynum*, 246 B.R. at 539; *South Bay Enters., Inc. v. Mirada Bay Petroleum, Inc.*, 957 S.W. 2d 287 (Ky. App. 1997). Therefore, as a hypothetical judgment lien creditor, the Trustee prevails over WaMu's unperfected security interest, regardless of any knowledge of WaMu's interest in the Debtor's manufactured home that the notice of *lis pendens* may have conveyed, under Kentucky law. *South Bay Enters., Inc.*, 957 S.W. 2d at 288 (quoting D. Leibson & R. Nowka, *The Uniform Commercial Code of Kentucky*, § 10.4(B)(1) (2d ed. 1992) ("'[A] person who becomes a lien creditor before a security interest is perfected will defeat the security interest even if the lien creditor has knowledge of the security interest.'").

WaMu next asserts that the bankruptcy court's conclusions of law "essentially find WaMu does not have an interest in the manufactured home since WaMu did not perfect its lien under KRS Chapter 186A." (Appellant's Br. at 17.) WaMu argues that the bankruptcy court was precluded from doing so pursuant to res judicata and the *Rooker-Feldman* doctrine because the state court had previously issued its judgment finding that WaMu has an equitable lien on the manufactured home and that the note was secured by the home. The Trustee, on the other hand, asserts that the bankruptcy court did not violate either res judicata or *Rooker-Feldman* because it did not contradict any of the state court's findings. We agree.

The bankruptcy court did not determine that WaMu does not have a valid lien interest. Rather, it held that WaMu's lien is unperfected and, therefore, the Trustee as a hypothetical judgment lien creditor obtained priority and the lien is avoidable. The state court judgment did not perfect WaMu's lien interest. It simply found that WaMu has an equitable lien. Such an unperfected equitable lien is subordinate to the Trustee's subsequent interest as a hypothetical judgment lien creditor. *See Hunter v. Ohio Citizens Bank (In re Henzler Mfg. Corp.)*, 36 B.R. 303, 306 (Bankr. N.D. Ohio 1984); *Hassett v. Revlon, Inc. (In re O.P.M. Leasing Servs., Inc.)*, 23 B.R. 104, 120 (Bankr. S.D. N.Y. 1982) ("The legislative history of the Bankruptcy Code makes clear that Article 9 of the U.C.C. treats equitable liens as 'unperfected security interests which the trustee can in any case set aside.'"); *see also In re Hendleman*, 91 B.R. 475, 476 (Bankr. N.D. Ill. 1988) (equitable lien in debtor's property is by definition unperfected and can never survive attack by chapter 7 trustee).

As one court has explained:

> [T]he law of secured transactions (Article Nine of the Uniform Commercial Code . . .) does not require that a security interest be recorded in order to create rights and liabilities as between the two parties. A fundamental and crucial distinction exists between the creation and attachment of a security interest . . . on the one hand, and its perfection . . . on the other. The latter places the perfecting secured party in a position superior to that of a wide range of hypothetical third parties, but does not enhance its position vis-a-vis the debtor. Conversely, failure to perfect does not in any way change the nature, nor diminish the extent of the secured party's interest as against the debtor. However . . . failure to perfect does have a significant effect on the rights of a secured party in the context of bankruptcy.

*Bank of Green Cove Springs v. Brooker (In re Brooker)*, 36 B.R. 839, 840-41 (Bankr. M.D. Fla. 1984).[5]

"[T]he *sole means of perfecting* . . . a security interest in [a manufactured home] is by notation on the property's certificate of title . . . ." K.R.S. 186A.190(2) (emphasis added). Because WaMu failed to perfect its lien as required by Kentucky law, its interest in the Debtor's manufactured home must yield to the trustee's interest as a hypothetical judgment lien creditor.

## V. CONCLUSION

For the foregoing reasons, the order of the bankruptcy court granting the Trustee's motion for summary judgment is AFFIRMED.

---

[5] Because we conclude that the Trustee's interest as a hypothetical judgment lien creditor is superior to that of WaMu's unperfected lien, we need not reach the issue of whether the state court judgment created a preferential transfer.